THAYER v. BRITZ.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIAL DISABILITY—AMOUNT TO BE PAID TO BE DETERMINED BY DEPARTMENT OF LABOR AND INDUSTRY.

On certiorari to review an award of the department of labor and industry, where it appears that the department made a finding that the employee was partially disabled, but failed to make an enforceable award in accordance with the provisions of the workmen's compensation act (Comp. Laws Supp. 1922, §§ 5440, 5441), the cause is re-

Right and extent of review of findings of commission under workmen's compensation acts, see note in L. R. A. 1917D, 186.

manded to the department to determine the amount to which the employee is entitled under the law.[1]

Certiorari to Department of Labor and Industry. Submitted April 7, 1926. (Docket No. 27.) Decided June 7, 1926.

George Thayer presented his claim for compensation against Nicholas Britz for an accidental injury in defendant's employ: On petition of defendant to discontinue payments under an award. From an order denying the petition, defendant and the London Guarantee & Accident Company, Limited, insurer, bring certiorari. Reversed and remanded.

*Ray Derham*, for appellants.

MCDONALD, J. The defendants bring certiorari to review an order of the department of labor and industry denying a petition to discontinue payments under a compensation agreement. In 1923, Nicholas Britz was conducting a lumber business in the vicinity of Turin, Michigan. He let a contract for the cutting of timber to Ralph Thayer, who sublet a part of the work to his brother, George Thayer, the plaintiff, and one Walker Kortes. On March 14, 1923, while engaged in this work, George Thayer was injured. The insurance company entered into a compensation agreement with him by which it was to pay his hospital expenses and doctors' bills, and compensation at the rate of $14 per week during total disability, and at the proper rate per week during partial disability. Under this agreement compensation was paid to the plaintiff until October 9, 1923. About that time the defendants claim to have learned that he had returned to work. They had him examined by a physician who reported that he had fully recovered. They then

---

[1] Workmen's Compensation Acts, C. J. § 131.

filed a petition to stop payments. Their petition was heard by a deputy commissioner who entered an order finding that the plaintiff was not disabled after October 9, 1923. Upon appeal to the full board this order was reversed and an award entered, the applicable part of which is as follows:

"That applicant has been partially disabled since October 9, 1923, estimated from 30% to 75%, but has done some work, the extent of his diminution in wages not being definitely set forth in the record, and applicant is entitled to receive 60% of the difference between what he was earning at the time of the injury and what he had been able to earn since October 9, 1923, not to exceed $14 per week, up to and including the date of the hearing, June 3, 1924, and shall continue to receive compensation in accordance with aforesaid findings."

This so-called award means nothing to any of the parties. It finds that the plaintiff is still partially disabled and is entitled to compensation, but does not fix the amount that he is to receive or that defendants are to pay. It is not enforceable. It is not an award upon which a judgment could be entered in the circuit court. Having found partial disability it was the duty of the board to compute in dollars and cents the proportionate extent of the impairment of his earning capacity in accordance with the provisions of sections 10 and 11, part 2, of the workmen's compensation law as amended (Comp. Laws Supp. 1922, §§ 5440, 5441). The correct method of doing this is clearly explained in *Trask* v. *Modern Pattern & Machine Co.*, 222 Mich. 692.

The award is vacated and the cause remanded that the board may definitely determine the questions involved in accordance with the statute and the legal rights of the parties.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.